IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEE A. CHETTY, JR.,** : | |
| *Plaintiff* : | |
| : | |
| v. : | **CIVIL ACTION NO. 22-CV-1549** |
| : | |
| **ALBERT SARDELLA** : | |
| *Defendant* : | |

**O R D E R**

**AND NOW**, this 7th day of June, 2022, upon consideration of Lee A. Chetty, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), Declaration in Support of Motion to Proceed *In Forma Pauperis* (ECF No. 6), Prisoner Trust Fund Account Statement (ECF No. 7), and *pro se* Complaint (ECF No. 2), it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Lee A. Chetty, Jr., #QF-7802, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Frackville or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Chetty's inmate account; or (b) the average monthly balance in Chetty's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Chetty's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Chetty's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Frackville.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

    a. The claims brought pursuant to 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE**.

    b. The legal malpractice claim, to the extent one is presented, is **DISMISSED WITHOUT PREJUDICE**. The dismissal is without prejudice to Chetty filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

6. The Clerk of Court shall **CLOSE** this case.

                                              **BY THE COURT:**

                                              */s/ Nitza I. Quiñones Alejandro*
                                              **NITZA I. QUIÑONES ALEJANDRO**
                                              *Judge, United States District Court*